[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15247
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00322-VMC-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 8, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Miller appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Miller argues

that the district court erred in refusing to give his proposed jury instruction on constructive possession.  After careful review, we affirm.

We review a district court's decision to reject a proposed jury instruction for abuse of discretion.  United States v. Moore, 525 F.3d 1033, 1046 (11th Cir. 2008).  Under that standard, we will reverse only if "(1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008) (quotation marks omitted).  We bear in mind that "a district court judge is vested with broad discretion in formulating [her] charge to the jury so long as it accurately reflects the law and the facts." Id. (quotation marks omitted).

The district court in this case relied on the Eleventh Circuit pattern jury instruction for the element of possession.  See generally Eleventh Circuit Pattern Jury Instructions (Criminal Cases) Special Instruction 6 (2010).  The court told the jury that "[t]he law recognizes several kinds of possession," including both "actual possession" and "constructive possession."  The court explained that "[a]ctual possession of a thing occurs if a person knowingly has direct physical control of it."  The court also said that "[c]onstructive possession of a thing occurs if a

2

person doesn't have actual possession of it, but has both the power and the intention to take control over it later."

Miller requested the district court to provide an additional instruction regarding constructive possession:

> Also for possession to exist, the government must show that a defendant "has knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual personal dominion" or has "ownership, dominion or control over the premises or the vehicle in which the contraband was concealed."
> Mere presence near contraband, or awareness of its location, is insufficient to establish possession.

The district court found the pattern jury instruction the appropriate one to give and denied Miller's request.

On appeal, Miller argues that the district court erred in rejecting his proposed instruction. However, Miller has not met the standard required for a reversal due to a jury charge. The instruction given by the district court "substantially cover[ed]" Miller's proposed charge. Palma, 511 F.3d at 1315 (quotation marks omitted). The district court's instruction that the defendant must have had the "power . . . to take control" of the firearm means, as the proposed instruction put it, that the defendant must have had the "ability to maintain control over it or reduce it to his physical possession"—for instance, by having

3

"ownership, dominion or control over the premises . . . in which the [firearm] was concealed." We see no meaningful difference between the two, and Miller urges none.

Likewise, the district court's instruction that the defendant must have had an "intention to take control" of the firearm necessarily includes the idea that the defendant must have had "knowledge of the thing." Further, the requirement that there be an "intention to take control" precludes a finding of guilt based on "[m]ere presence" or the mere "awareness of [the firearm's] location." See United States v. Rojas, 537 F.2d 216, 220 (5th Cir. 1976) (holding that an instruction requiring the jury to find that the defendant had "the power and intention to exercise dominion and control over the cocaine" was adequate to convey the principle that "mere presence or proximity" is not sufficient).[1] Thus, the district court's instruction substantially covered the requested charge.

Neither can we say that any failure on the part of the district court to give the requested instruction "substantially impaired [Miller's] ability to present an effective defense." Palma, 511 F.3d at 1315 (quotation marks omitted). Miller raised the issue of whether he had the intention to take control of the firearm

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

during both his opening and closing statements. Specifically, Miller argued to the jury that he did not intend to take control of the firearm, despite his presence on the premises. He thus conveyed the idea that he was merely present and that this was not enough to support a conviction. In view of this, we cannot say that the district court erred. See United States v. Freyre-Lazaro, 3 F.3d 1496, 1505 (11th Cir. 1993) (holding that the district court's failure to give the instruction was not error given that the defendant's theory was "fully explained . . . in [his] opening and closing argument").

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**